**IN RE: 212 WEST 18 LLC, Debtor.**

**Case No. 17–11277 (MG)**

United States Bankruptcy Court, S.D. New York.

Signed 06/07/2017

Allen G. Kadish, DiConza Traurig Kadish LLP, New York, NY, for Debtor.

**ORDER SCHEDULING EVIDENTIARY HEARING AND APPLICABLE DEADLINES IN CONNECTION WITH MOTION OF ASHLEY KOZEL FOR ORDER MODIFYING AUTOMATIC STAY OF 11 U.S.C. § 362 FOR CAUSE, INCLUDING BAD FAITH, TO CONTINUE SHERIFF'S AUCTION**

Martin Glenn, United States Bankruptcy Judge

Upon the *Motion of Ashley Kozel for Order Modifying Automatic Stay of 11 U.S.C. § 362 for Cause, Including Bad Faith, to Continue Sheriffs Auction* (ECF

Doc No. 5) (the "Stay Relief Motion")[1] filed by Ashely Kozel (the "Movant"), a creditor of 212 West 18 LLC (the "Debtor"). the above-captioned chapter 11 debtor; and upon the Declaration of Jeffrey D. Fisher, dated May 15, 2017 (ECF Doc. No. 6) filed in support of the Stay Relief Motion; and upon the *Affidavit of Service* (ECF Doc. No. 14) filed in connection with the Stay Relief Motion; and upon the *Limited Objection of Walker Tower Condominium to Motion Order Modifying Automatic Stay to Continue Sheriffs Auction* (ECF Doc. No. 23) the ("Condominium Limited Objection"): and upon the *Affidavit of Service* (ECF Doc. No. 24) filed in connection with the Condominium Limited Objection; and upon the *Response and Objection of the Debtor to Motion of Ashley Kozel for Order Modifying Automatic Stay* (ECF Doc. No. 25) (the "Debtor Objection"), and the Declaration of Mark Manski, dated May 25, 2017 (ECF Doc. No. 25–1), filed in support of the Debtor Objection; and upon the *Affidavit of Service* (ECF Doc. No. 26) filed in connection with the Debtor Objection; and upon the *Omnibus Reply in Further Support of Motion of Ashley Kozel for Order Modifying Automatic Stay of 11 U.S.C. § 362 for Cause, Including Bad Faith, to Continue Sheriff's Auction, and in Response to Objections filed by Walker Tower Condominium and Debtor* (ECF Doc. No. 28) (the "Omnibus Reply"); and upon the *Affidavit of Service* (ECF Doc. No. 28) filed in connection with the Omnibus Reply; and upon the *Declaration of Mark Manski Pursuant to Local Bankruptcy Rule 1007–2* (ECF Doc. No. 29); and upon the hearing held before this Court on June 1, 2017 (the "Initial Hearing"), the record of which is incorporated herein by reference:

---

1. All capitalized terms used but not otherwise defined herein shall have the meanings given

This Court finds that the Stay Relief Motion is a contested matter under Bankruptcy Rule 9014 and, therefore, an evidentiary hearing is required and those certain Bankruptcy Rules of Part VII apply, as specified in Bankruptcy Rule 9014(c).

It is hereby ORDERED that:

1. Movant and the Debtor shall serve upon the other, by email and overnight mail, requests for document production on or before **June 8, 2017 at 5:00 p.m. Eastern Time,** unless the parties agree otherwise. Service shall be made upon counsel who appeared at the Initial Hearing.

2. Movant and the Debtor shall each be required to serve upon the other, by overnight mail and electronic mail responses to the other party's requests for documents, together with true and correct copies of all responsive documents, in compliance with the Bankruptcy Rules and Local Rules of this Court, by **June 22, 2017 at 5:00 p.m. Eastern** Time, unless the parties agree otherwise. Service shall be made upon counsel who appeared at the Initial Hearing.

3. All depositions shall take place in New York at a mutually convenient location, during the week of June 26, 2017, unless otherwise agreed, and all witnesses shall travel at their own expense.

4. Saad M.A.S. AlHumaidi and Mark Manski shall each be required to appear for a deposition in response to a Notice of Deposition, and a subpoena shall not be required.

5. An evidentiary hearing is scheduled for **July 6, 2017 at 9:00 a.m. Eastern Time** (the "Evidentiary Hearing") before the undersigned United States

to them in the Stay Relief Motion.

Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton U.S. Custom House, Courtroom 523, New York, New York 10004. Counsel for the Debtor and Ashley Kozel shall each have 3 hours to conduct their direct and cross examination of all witnesses, and to present opening and closing arguments. The time will be strictly limited to 3 hours for each party.

6. Saad M.A.S. AlHumaidi and Mark Manski and any other person necessary to establish the authenticity, legitimacy, and validity of every original document in the chain of custody of the alleged transfer of membership interests necessary to demonstrate the Debtor's authority to file this chapter 11 case, *i.e.*, the alleged transfer of membership interests in 212 West 18, LLC from the Gokana Trust to Capella Investment, Ltd. ("Capella") and of Capella's membership interests to Inres International Resources ("Inres") must appear at the Evidentiary Hearing. The Court expects these witnesses to appear in-person at the Evidentiary Hearing, for direct and cross-examination. The witnesses produced at the hearing by the Debtor must have personal knowledge of the authenticity of the documents, i.e., records custodians will be deemed insufficient.

7. The Debtor is directed to advise this Court, Movant's counsel, and the Office of the U.S. Trustee (the "US Trustee") on or before June 15, 2017 if Saad M.A.S. AlHumaidi, Mark Manski, or anyone else necessary to establish the chain of custody does not intend to appear for a scheduled deposition, or at the Evidentiary Hearing.

8. The Court expects at the Evidentiary Hearing all of the original signed document(s) necessary to prove (i) the legitimacy of the alleged transfers of the Debtor's membership interests from the Gokana Trust to Capella, and (ii) the legitimacy of the alleged transfer of Capella's membership interests to Inres. This includes the documents necessary to establish the signatory of the documents had the authority to sign them at the time of execution. Copies of these documents shall be delivered to Movant's counsel and the US Trustee, on or before June 22, 2017.

9. A telephonic case conference is scheduled for **June 14, 2017 at 9:00 a.m. Eastern Time**, at which time Movant and the Debtor may advise this Court as to (i) the status of discovery, and (ii) any discovery disputes or agreements. The Debtor and Movant shall agree upon and confirm with the Court dial-in information.

10. A telephonic case management conference is scheduled for **June 30, 2017 at 10:00 a.m. Eastern Time**. The Debtor and Movant shall agree upon and confirm with the Court dial-in information.

11. Movant and the Debtor shall each file a memorandum of law in support of their respective arguments prior to the Evidentiary Hearing and provide this Court's Chambers with two (2) hard copies on or before **June 28, 2017 at 5:00 p.m. Eastern Time**. In addition, Movant and the Debtor shall each serve the other, as well as the US Trustee, with copies of their respective memoranda of law by email and overnight mail on or before the applicable deadline.

12. Movant and the Debtor shall simultaneously exchange copies of the exhibits to be used at the Evidentiary Hearing, with the Movant identifying each Exhibit with a unique number, and the Debtor identifying each exhibit with a unique letter. The Movant and the Debtor shall each provide two (2) complete sets of such exhibits to this Court's

Chambers, and one (1) set each to the Movant and/or Debtor, as applicable, and the US Trustee on or before **June 28, 2017** at 5:00 p.m. **Eastern Time.**